UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN X. LU,<br><br>  Plaintiff,<br><br>v.<br><br>CHINA XD PLASTICS COMPANY LIMITED, JIE HAN, and DAHE "TAYLOR" ZHANG,<br><br>  Defendants. | Case No. 2:25-cv-02440-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to Serve Process on the Nevada Secretary of State Pursuant to Fed. R. Civ. P. 4(h)(1)(A) and NRS 14.030. Because Plaintiff has not satisfied the statutory prerequisites, Plaintiff's motion is denied.

**I.   Discussion**

Under the Federal Rules, a corporation in a judicial district of the United States may be served: (A) "in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. Pro. 4(h)(1). The former authorizes service in accordance with state law. Fed. R. Civ. Pro. 4(e)(1).

NRS 14.030 provides when a corporation fails to appoint a registered agent, "Plaintiff must first file an affidavit 'setting forth the facts, showing that due diligence has been used to ascertain the whereabouts of the officers of the artificial person to be served, and the facts showing that direct or personal service on, or notice to, the artificial person cannot be had.'" *LG Cap. Funding, LLC v. Worthington Energy, Inc.*, No. 16-CV-6288-NGGST, 2018 WL 1370266, at \*3 (E.D.N.Y. Feb. 20, 2018), *report and recommendation adopted,* No. 16-CV-6288-NGGST, 2018 WL 1368025 (E.D.N.Y. Mar. 16, 2018) (citing NRS 14.030(3)). After filing an affidavit with the Court, Plaintiff may serve the Secretary of State with: "(1) a certificate of Nevada's Secretary of State showing a failure to appoint a registered agent; (2) a payment of a $10 fee; and (3) a copy of the legal process

service with a citation to the relevant statute." *Id*. (citing NRS 14.030(1)).  Once the Secretary of State has been served, "Plaintiff must also mail the documents to the last known address of the corporation or one of its officers, if known, by registered or certified mail." *Id*. (citing NRS 14.030(4)).

Here, the Court finds Plaintiff has not "filed an affidavit setting forth the facts, showing that due diligence has been used to ascertain the whereabouts of the officers of the artificial person to be served, and the facts showing that direct or personal service on, or notice to, the artificial person cannot be had." NRS 14.030(b)(3).  Plaintiff's Motion says Defendant China XD Plastics Company Limited "has effectively abandoned its corporate presence in Nevada," based on information "detailed in the attached Declaration."  ECF No. 9 at 1.  However, the attached declaration is one sentence attesting to what is marked as "Exhibit A."  ECF No. 9-1.  Exhibit A is a screenshot showing China XD Plastics Company Limited's entity status as "revoked."  ECF No. 9-2.  Neither exhibit satisfy the affidavit requirement nor set forth information demonstrating Plaintiff's due diligence in attempting to ascertain the whereabouts of corporate officers.  Without the necessary showing, the Court cannot grant Plaintiff leave of court at this time.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Serve Process on the Nevada Secretary of State Pursuant to Fed. R. Civ. P. 4(h)(1)(A) and NRS 14.030 is DENIED without prejudice.  Plaintiff is not precluded from demonstrating compliance with Nevada law such that service on the Secretary of State may be proper in the future.

Dated this 31st day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE