UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN X. LU,

        Plaintiff,

    v.

CHINA XD COMPANY LIMITED, JIE HAN, DAHE "TAYLOR" ZHANG,

        Defendants.

Case No. 2:25-cv-02440-RFB-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Order Authorizing Alternative Service on Defendant Dahe "Taylor" Zhang.  ECF No. 19.  Plaintiff submits that he has undertaken sustained efforts to serve Zhang.  *Id*. at 2.  Through a "people-search report" Plaintiff identified Zhang's current address in Great Neck, New York, and hired a process server who attempted personal service on three occasions.  *Id*.  Through the pending motion, Plaintiff is seeking permission to alternatively serve Zhang by affixing the summons, Complaint, and Court's Order to Zhang's front door and sending the same through certified and electronic mail.  *Id*.

Nevada Rule of Civil Procedure 4.4 allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed alternative service meets the requirements of due process.  When considering a request to serve a defendant by alternative means, the Nevada Supreme Court asks the underlying courts to take into consideration attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating a defendant, such as consulting public directories.  *Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds*, *NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (and noting that *Price* otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).  However, plaintiffs are not required to attempt every permissible means

1

of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015).

The alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016. Due process requires that a civil defendant be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the lawsuit and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, Plaintiff demonstrates due diligence in attempting to serve Zhang, explaining why alternative service is appropriate. However, the Court finds Plaintiff's proposed method of service is not sufficient to ensure notice of the lawsuit and an opportunity to be heard. Thus, the Court requires alternative service on Zhang to be by several methods. These include by publication, by affixing the summons, Complaint, and Court Order to the door of Zhang's last known address, and by electronic, certified, and regular U.S. mail to the same documents to that address.

To effect service by publication in accordance with Nevada Rules of Civil Procedure 4.4(b)(2), 4.4(c)(2), Plaintiff must publish notice of this lawsuit in Long Island's largest newspaper, Newsday, which is likely to apprise Zhang of the pending action. To that end, Plaintiff must file a proposed Order that includes the language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought. Nev. R. Civ. P. 4.4(c)(4)(A). This service must be published at least once a week for a period of four weeks. *Id.* Service on Zhang will be deemed effective on the last day service by publication occurs and his responsive pleading will be due 21 calendar days thereafter.

Plaintiff must also send, by certified and regular first class U.S. Mail, a copy of the (1) Summons, (2) Complaint, and (3) this Order to Zhang's last known address. In addition, Plaintiff **must** send the same to Zhang's last known email address. Lastly, Plaintiff **must** affix Summons, Complaint, and this Order to the front door at Zhang's last known address, 111 Myrtle Drive, Great Neck, New York 11021.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Order Authorizing Alternative Service on Defendant Dahe "Taylor" Zhang (ECF No. 19) is GRANTED as set forth in the Court's Order.

IT IS FURTHER ORDERED that Plaintiff **must**, no later than **June 12, 2026 at 12:00 p.m.**, submit the proposed summons language consistent with the content of this Order to the Court by (1) filing the same on the Court's docket, and (2) emailing the proposed summons in WORD format to Sunny Gorba, Law Clerk to the undersigned, at sunny_gorba@nvd.uscourts.gov.

IT IS FURTHER ORDERED that service on Defendant will be deemed effective on the last day service by publication occurs.

IT IS FURTHER ORDERED that Defendant's responsive pleading is due 21 calendar days thereafter.

Dated this 29th day of May, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE