UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN X. LU,

      Plaintiff,

    v.

CHINA XD PLASTICS COMPANY LIMITED, JIE HAN, and DAHE "TAYLOR" ZHANG,

      Defendants.

Case No. 2:25-cv-02440-RFB-EJY

**ORDER**

Pending before the Court are Plaintiff's Motion Requesting Foreign Mailing (ECF No. 23) and Plaintiff's Second Motion for Extension of Time to Serve Defendants Jie Han and Dahe (Taylor) Zhang (ECF No. 26).

On March 5, 2026 the Court granted Plaintiff's First Motion for Extension of Time to Serve Defendants Han and Zhang, requiring proof of service to be completed no later than July 3, 2026. ECF No. 17. Since then, the Court allowed Plaintiff to serve Zhang by publication. ECF No. 20. The Court's Order required publication to occur once a week for four weeks. *Id*. at 2. Service on Zhang would be deemed effective on the last day of publication. *Id*. The Court required Plaintiff to submit this language to the Court for approval, *id*., which was approved on June 18, 2026 (ECF No. 25). Because Plaintiff will not be able to complete service by publication before July 3, the Court finds good cause to extend the time to complete service on Zhang.

As to Mr. Han, the request is more complicated. On June 11, 2026, Plaintiff requested the Clerk of Court mail summons and the Complaint to an address in Hong Kong. ECF No. 23. In the pending motion, Plaintiff explains the Hong Kong address was attributable to the registered agent of another company connected with Han. ECF No. 26 at 3. However, Plaintiff notes that the address provided "is no longer valid" because that registered agent resigned and thus, he needs more time to "investigate and implement a viable method of service on Han." *Id*. at 4. The Court has concerns that an extension of additional time would be an exercise in futility. "Service of process on a foreign

1

defendant is normally cumbersome, expensive, and slow—if it can be effected at all." *Whoop, Inc. v. Shenzhen Lexqi Elec. Tech. Co.*, Case No. CV 25-12690-FDS, 2025 WL 2938284, at *1 (D. Mass. Oct. 16, 2025). Moreover, service in accordance with the Hague Convention must go through China's Central Authority which imposes administrative requirements that can be "exceptionally burdensome, adding to delays and expenses." *Id.*; *see also NJOY, LLC v. Imiracle (HK) Ltd.*, Case No. 24-CV-0397-BAS-JLB, 2024 WL 1546923, at *3 (S.D. Cal. Apr. 9, 2024) ("While Hague service may take additional time and be cumbersome, it is mandatory."). Even so, the Court finds one final extension of the service period is warranted, given the complex procedures Plaintiff faces. *Lucas v. Daihatsu Motor Co.*, Case No. C 12-02644 LB, 2012 WL 4477624, at *4 (N.D. Cal. Sept. 27, 2012).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Second Motion for Extension of Time to Serve Defendants Jie Han and Dahe (Taylor) Zhang (ECF No. 26) is GRANTED *nunc pro tunc*.

IT IS FURTHER ORDERED that service of process must be completed no later than October 31, 2026.

IT IS FURTHER ORDERED that Plaintiff's Motion Requesting Foreign Mailing (ECF No. 23) is DENIED as moot.

Dated this 9th day of July, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2